IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| GREG MILLER<br>and<br>KRISTY MILLER, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | Case No. 06-0141-CV-W-NKL |
| COTTRELL, INC.,<br>JACK COOPER TRANSPORT CO.,<br>GENERAL MOTORS CORP.,<br>and<br>UNKNOWN CHAIN AND RATCHET<br>COMPONENT DISTRIBUTORS/<br>MANUFACTURERS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is Plaintiffs' Motion to Remand [Doc. # 11]. For the reasons set forth below, the Court denies Plaintiffs' Motion. Instead, the Court severs Plaintiffs' claims against Jack Cooper Transport ("JCT") from this action and remands those claims to the state court for resolution.

Also pending is Cottrell, Inc.'s ("Cottrell") uncontested Motion to Remove Case from the Court's Early Assessment Program [Doc. # 24]. Cottrell's Motion is denied. This program is part of the process of the United States District Court for the Western District of Missouri and if the Defendants want to be in federal court, it is part of their obligation, absent exceptional circumstances. The parties have not shown exceptional

1

circumstances.

Also pending is JCT's Motion to Dismiss [Doc. # 20]. Because the Court is remanding Plaintiffs' claims against JCT to the Circuit Court of Jackson County, Missouri, JCT's Motion is moot and the Court will deny it without prejudice.

**I.     Motion to Remand [Doc. # 11]**

    **A.     Background**

        *1.     Underlying State Proceedings*

Plaintiffs filed the underlying state case in the Circuit Court of Jackson County, Missouri, on December 17, 2005. In their state court pleading, Plaintiffs alleged that Plaintiff, Greg Miller, was a truck driver who was employed by JCT, and was injured by a ratchet tie down system on his truck while working for JCT. Plaintiffs alleged that Cottrell manufactured the ratchet tie down system.

Plaintiffs' state court petition had twelve counts against Defendants. Plaintiffs filed Count V against JCT for wrongfully discriminating against Greg Miller because of the disability that was allegedly caused by the injury he sustained while working with Cottrell's ratchet tie down system. Plaintiffs filed Count VI against JCT for retaliating against Greg Miller because he filed a Missouri's workers' compensation claim for his injury from the ratchet tie down system. Plaintiffs also submitted a loss of consortium claim against JCT on behalf of Kristy Miller–this claim was contained in Count XII. Plaintiffs' other claims were for product liability and negligence, based on the allegedly faulty ratchet tie down system. JCT was not named as a defendant on those claims.

2

According to Plaintiffs' state court pleading, Plaintiffs are Missouri residents. JCT is a corporation with its principal place of business in Jackson County, Missouri. The remaining Defendants are diverse parties and their respective residences are not relevant to the Court's determination of Plaintiffs' pending Motion.

### 2. *Federal Proceedings*

On February 17, 2006, Cottrell, Inc. ("Cottrell"), filed its Notice of Removal and removed the case to this Court. In its Notice of Removal, Cottrell alleged that JCT was fraudulently joined as a party to this case so as to thwart this Court's diversity jurisdiction. According to Cottrell:

> [P]laintiffs assert employment discrimination claims [against JCT] that are wholly unrelated to the allegations underlying their product liability and negligence claims against the other defendants. Thus, these employment discrimination claims, and the corresponding loss of consortium claim, are fraudulently misjoined because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and do not have any common questions of law or fact with the other claims. In addition, there is no joint, several, or alternative liability between the claims asserted against [JCT] and the claims asserted against the other defendants.

*See* Notice of Removal [Doc. # 1] at ¶ 8. Plaintiffs now move to remand the case, claiming that JCT was not improperly joined in this action.

### B. Discussion

Generally, a party may remove an action if it could have been filed originally in federal court. 28 U.S.C. § 1441(a). Federal diversity jurisdiction exists when no defendant is a citizen of the same state as any plaintiff and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *City of Indianapolis v. Chase Nat'l Bank of City*

*of New York*, 314 U.S. 63, 69 (1941).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *State of Missouri ex rel. Pemiscot County, Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Furthermore, in reviewing a motion to remand, a district court is required to resolve all doubts about federal jurisdiction in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993). It is widely recognized that 28 U.S.C. § 1441 should be strictly construed against removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938).

### 1. *Cottrell's Notice of Removal*

In support of their Motion, Plaintiffs argue that Cottrell's Notice of Removal was premature because Cottrell had not been served when it removed the case to federal court. Plaintiffs also argue that JCT is not fraudulently or wrongfully joined in this action.

Federal law mandates that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . . ." 28 U.S.C. § 1446(b). The question here is whether Cottrell's Notice was premature because it filed the Notice before Cottrell was formally served.

In support of the proposition that a party may not file for removal prior to being formally served, Plaintiffs cite *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526

4

U.S. 344, 348 (1999), but this case is distinguishable. In *Murphy Brothers*, plaintiff faxed the complaint to defendant and then formally served defendant with the complaint two weeks later. Defendant filed its notice of removal within thirty days of being formally served with the complaint, but outside the thirty day window following fax receipt of the complaint. The issue before the Court was whether the fax provided notice of the complaint for purposes of section 1446(b).

The Supreme Court held that service of process triggered the thirty-day time period in section 1446(b), not the fax. The Court stated that a defendant "is required to take action only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* at 350. The Court's holding in *Murphy Brothers* is inapposite to this case because it concerned only what triggered the thirty day deadline for removal; it did not resolve whether a party could file for removal before being formally served.

Cottrell cites two cases in support of its argument that its notice of removal was not premature: *Arthur v. Litton Loan Servicing LP*, 249 F. Supp.2d 924 (E.D. Tenn. 2002) and *Robinson v. Quality Ins. Co.*, 633 F. Supp. 572 (S.D. Ala. 1986). In *Arthur*, the court stated:

> In other words, the plaintiffs contend that [defendant] did not have a right to file a notice of removal . . . because it had not been served with process. Plaintiffs do not cite any relevant law to support their position. The Court rejects the plaintiffs' contention. [Defendants] have a right to file a notice of removal pursuant to 28 U.S.C. § 1446(a) and (b) before they are served with process. . . . While this is a little out of the ordinary, it is permitted under 28 U.S.C. § 1446. Most civil actions are removed to the federal courts after

5

service of process has been accomplished but this is not required in all
cases. There is nothing in the plain language of 1446(b) that precludes
[defendants] from filing a notice of removal prior to the plaintiffs effecting
service of process upon them. Service of process is not a prerequisite to the
defendants exercising their right of removal under 28 U.S.C. § 1446.

*Arthur*, 249 F. Supp.2d at 931 (citations omitted). *See also Robinson*, 633 F. Supp. at 576 ("The statute authorizing removal does not say anything about removals that occur too soon. It merely requires that defendants exercise due diligence to remove cases within a specific time: thirty days.").

In addition to these cases, 28 U.S.C. § 1448 contemplates that service of process may be made after the case is removed to the federal district court. It states:

In all cases removed from any State court to any district court of the United
States in which any one or more of the defendants has not been served with
process or in which the service has not been perfected prior to removal, or
in which process served proves to be defective, such process or service may
be completed or new process issued in the same manner as in cases
originally filed in such district court.

28 U.S.C. § 1448.

As a practical matter, there is also no reason to find that the Notice was premature because Cottrell has now entered an appearance, and it would merely be a matter of litigation gymnastics to return the case to state court, only to have it removed again.

### 2. *Joinder*

Federal Rule of Civil Procedure 20 governs joinder of parties and it states:

All persons . . . may be joined in one action as defendants if there is
asserted against them jointly, severally, or in the alternative, any right to
relief in respect of or arising out of the same transaction, occurrence, or
series of transactions or occurrences and if any question of law or fact

6

> common to all defendants will arise in the action. A plaintiff or defendant
> need not be interested in obtaining or defending against all the relief
> demanded. Judgment may be given for one or more of the plaintiffs
> according to their respective rights to relief, and against one or more
> defendants according to their respective liabilities.

Fed. R. Civ. P. 20(a). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974) (internal citations omitted). Courts strongly encourage joinder and favor "the broadest possible scope of action consistent with fairness to the parties." *Id.* at 1333. A defendant is properly joined under Rule 20 when the plaintiff has asserted a right to relief against each defendant that arises "out of the same transaction or occurrence, or series of transactions or occurrences" and there is some question of law or fact that is common to all the parties. Fed. R. Civ. P. 20(a). A defendant is not properly joined unless the plaintiff can satisfy both criteria under Rule 20. *Mosley*, 497 F.2d at 1333.

Courts employ a case by case analysis to determine whether a particular factual situation constitutes a transaction or series of transactions. *Mosley*, 497 F.2d at 1333. In *Mosley*, the court defined "transaction" as a word of "flexible meaning." *Id.* The court stated that, "It may comprehend a series of occurrences, depending not so much on the immediateness of their connection as upon their logical relationship." *Id.* (quoting *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926)). Thus, according to the court, "all logically related events entitling a person to institute a legal action against another

7

generally are regarded as comprising a transaction or occurrence." *Id.* Courts do not require an "absolute identity of all events." *Id.*

Plaintiffs argue that Cottrell and General Motors created a hazardous condition and injured Greg Miller. The injury that Greg Miller suffered created his disabling condition and that disabling condition then caused JCT to discriminate against him. In the same vein, Plaintiffs argue that Greg Miller's injury caused him to seek workers compensation and that JCT retaliated against him for that conduct.

Even assuming Plaintiffs' claims against JCT arose from the same series of events as their claims against Cottrell, the claims against JCT do not involve common questions of law or fact under Rule 20. Plaintiffs' claim against JCT for disability discrimination will revolve around whether Greg Miller falls within the Missouri definition of "disabled" and whether JCT wrongfully discriminated against him because of it. Similarly, Plaintiffs' claim against JCT for workers' compensation retaliation will focus on whether JCT refused Greg Miller an appropriate accommodation for his injury. The evidence surrounding these claims will consist of testimony from JCT employees, the employment records of Greg Miller, and evidence of his physical condition at the time these employment actions were taken.

In contrast, Plaintiffs' claims for negligence and product liability will focus on the design, manufacture, and maintenance of the ratchet tie down system and Greg Miller's physical condition before and immediately after his accident. Plaintiffs have failed to identify a plausible overlap in legal issues between his employment claims and his

8

personal injury claims.

Plaintiffs cite *State ex rel. Bitting v. Adolf*, 704 S.W.2d 671 (1986) (en banc), for the proposition that JCT and the other Defendants share liability. In *Bitting*, the plaintiff was injured in a traffic accident and, during treatment for those injuries, she suffered additional injuries because of the negligence of her physician. The court held that the original tortfeasor could be liable for the doctor's malpractice because the original tortfeasor set in motion the series of events that caused all of the plaintiff's injuries. Missouri law, however, does not impose liability against Cottrell and General Motors for JCT's subsequent misconduct unless JCT's discrimination and retaliation were foreseeable. *See Scheibel v. Hillis*, 531 S.W.2d 285 (Mo. 1976) (en banc) (holding the original tortfeasor liable for conduct of intervening third party only if the third party's conduct was foreseeable); *Amador v. Lea's Auto Sales & Leasing, Inc.*, 916 S.W.2d 845 (Mo. Ct. App. 1996) (same). Plaintiffs have not presented any evidence that JCT's conduct was foreseeable; particularly, given the fact that both employment claims require evidence of intentional misconduct.

Because JCT has been misjoined in this action, the only remaining question is the proper remedy. Under Fed. R. Civ. P. 21,

> misjoinder is not a ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Fed. R. Civ. P. 21. In the interest of federalism, the Plaintiffs' claims against JCT will be

severed and remanded to the state court. Because the claims against JCT are being remanded, the Court will deny JCT's pending Motion to Dismiss as moot [Doc. # 20]. The issues raised in JCT's Motion to Dismiss are better addressed by the state court because they involve state issues. The Court will also deny Plaintiffs' pending Motion for Remand because there is now diversity between all remaining Defendants and the Plaintiffs.

## II. Conclusion

Accordingly, it is hereby

(1) ORDERED that Plaintiffs' Motion to Remand [Doc. # 11] is DENIED. Plaintiffs' claims against JCT are severed from this action and remanded to the state court;

(2) ORDERED that JCT's Motion to Dismiss [Doc. # 20] is DENIED as moot; and

(3) ORDERED that Cottrell's Motion to Remove Case from the Early Assessment Program [Doc. # 24] is DENIED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: May 12, 2006
Kansas City, Missouri