IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| GREG MILLER and KRISTY MILLER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 06-0141-CV-W-NKL ) |
| COTTRELL, INC., | ) ) |
| Defendant. | ) |

**ORDER**

Plaintiffs Greg and Kristy Miller seek recovery for damages sustained by Greg Miller ("Miller") as a result of an October 31, 2002, accident involving an auto transport rig manufactured and sold by Defendant Cottrell, Inc. ("Cottrell"). Miller alleges negligence, strict liability, and breach of implied warranty theories on the basis that the rig was in a defective condition at the time of his injury. For her part, Kristy Miller has asserted a loss of consortium claim against Cottrell and both Greg and Kristy Miller have asserted a claim for punitive damages.

Pending before the Court is the Millers' Motion in Limine [Doc. # 133]. For the reasons stated herein, the Millers' Motion in Limine is granted in part and denied in part.

**I.     The Millers' Motion in Limine**

    **A.     Exclusion of Evidence of Illegal Drug or Alcohol Use**

1

Plaintiff Greg Miller is a 45-year-old former Jack Cooper Transport Company, Inc. ("JCT"), employee. Beginning in 1985, he worked as a car hauler for JCT. As such, Miller regularly used auto transport rigs, including some auto transport rigs manufactured and sold by Cottrell.

On October 31, 2002, Miller was injured while securing a van to a 1998 CS12 model Cottrell trailer at the Wentzville, Missouri, terminal. Miller was attempting to tie down the van's passenger side rear wheel by pulling on a tie-down bar. He had the wheel 80% tied down when he determined that the tie-down bar would move no further. A split second later, the tie-down bar released and threw Miller to the ground, injuring him.

Miller now requests this Court to exclude any evidence that Miller consumed illegal drugs or alcoholic beverages. (Miller Mot. ¶ 1). Cottrell argues that evidence of drug and/or alcohol use is relevant to Miller's recovery from the October 31, 2002, injury as well as Mrs. Miller's loss of consortium claim. Under Fed. R. Ev. 403, a court may exclude relevant evidence if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." In this case, there is no allegation that drug or alcohol use played any role in the accident itself and Cottrell seeks to introduce the evidence for a minor issue related to Miller's injuries. The minor relevance of drug or alcohol use to this lawsuit is far outweighed by its prejudicial impact. *See also Rosenberg v. Cottrell, Inc.*, 2007 U.S. Dist. LEXIS 50383 (S.D. Ill. July 12, 2007). The Millers' motion is granted as to drug or alcohol use.

### B. Smoking

The Millers also seek to preclude any evidence related to Greg Miller's smoking habits as unfairly prejudicial. Cottrell argues that Miller's smoking habits are relevant as "tobacco usage is associated with increased incidence of lumbar disc degeneration . . . ." (Cottrell Br. ¶ 2). Cottrell's evidence as to alternative causes or mitigating circumstances for injuries related to his back are probative and not unduly prejudicial. The Court will therefore deny the Millers' motion in limine on these grounds. *See also Rosenberg v. Cottrell, Inc.*, 2007 U.S. Dist. LEXIS 50383 (S.D. Ill. July 12, 2007).

### C. Traffic Tickets, Criminal Arrests or Convictions

Cottrell agrees that it will not introduce evidence of Miller's traffic tickets, criminal arrests or convictions unless the Millers place the question at issue. The Court will grant the Millers' motion on this ground subject to facts developed at trial.

### D. "State of the Art" Evidence

The Millers seek to exclude any reference to "State of the Art" as such evidence is relevant "only in an action based upon strict liability for failure to warn of the dangerous condition of a product." Mo. Rev. Stat. § 537.764. However, the Millers allege liability based on failure to warn and Cottrell asserted a "state of the art" affirmative defense. The evidence is therefore relevant. The Millers also claims that the Court should bar such evidence because Cottrell identified no fact or expert witness to testify it did not know or could not reasonably know of the "dangers in issue." If the Millers wish to preclude evidence based on a violation of Fed. R. Civ. P. 26 or 37, that motion should have been

3

Case 4:06-cv-00141-NKL   Document 154   Filed 02/25/08   Page 3 of 9

brought as a motion for sanctions after compliance with the Court's rules for resolving discovery disputes. The issue is not properly raised in a motion in limine. As for the viability of Cottrell's affirmative defense, that is now a matter for a directed verdict because no summary judgment motion previously raised the issue. The Court will therefore deny the Millers' motion on this ground.

### E. Industry Standard or Compliance with Federal Regulations

The Millers urge the Court to preclude any reference to industry standards or compliance with federal regulations. Plaintiffs assert that "mere compliance with an industry standard does not prevent a jury from finding a breach of duty," citing *Washburn v. Grundy Electric Co-op*, 804 S.W.2d 424, 429 (Mo. Ct. App. 1991), and *Pierce v. Platte-Clay Electric Co-op*, 769 S.W.2d 769, 772 (Mo. banc 1989). Neither *Grundy* nor *Pierce* support the proposition that such evidence should be excluded, only that mere compliance will not provide a complete defense. *Pierce*, 769 S.W.2d at 772. Under Missouri law, evidence of industry standards is generally admissible as proof of whether or not a duty was breached. *Id*. The Court will therefore deny the Millers' motion on this ground.

### F. Prior Accidents or Injuries

The Millers request this Court to preclude any evidence of Miller's prior injuries as Cottrell "has failed to make a showing of anything other than a prior back injury by competent expert testimony." (Miller Mot. ¶ 6). Under the Eighth Circuit's decision in *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287 (8th Cir. 1997), *cert. denied sub nom.*

4

*Oglebay Norton Co. v. Jenson*, 524 U.S. 953, 141 L. Ed. 2d 738, 118 S. Ct. 2370 (1998), damages due to a pre-existing condition and apportionment thereof are an affirmative defense which must be pleaded and proved. *Jenson*, 130 F.3d at 1293. *See also Robinson v. Canon U.S.A., Inc.*, 2000 U.S. Dist. LEXIS 4644 (W.D. Mo. 2000); *Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203 (Mo. Ct. App. 2007). Cottrell did not plead pre-existing condition nor apportionment as an affirmative defense and it is therefore waived.[1] Millers' motion on this ground is granted.

### G. Collateral Source Evidence

Cottrell agrees that it will not introduce evidence of collateral sources received by the Millers. Millers' motion on this ground is granted.

### H. Fault of Non-Parties

Cottrell agrees that it will not offer any evidence regarding the fault of non-parties. Millers' motion on this ground is granted.

### I. Federal Tax

Cottrell agrees that it will not offer any evidence that the Millers' recovery is not subject to federal income tax. The Court will therefore grant the Millers' motion on this ground.

### J. Cottrell's Affirmative Defenses

The Millers request the Court to preclude submission of evidence as to Cottrell's affirmative defenses numbered 11 and 13 on the basis that Cottrell failed to answer the

---

[1] Cottrell did plead comparative fault as an affirmative defense. (Cottrell Aff. Def. 6).

Millers' interrogatories on those issues.[2] Cottrell's eleventh affirmative defense states that its product was manufactured in compliance with government regulations and that it was "not defective or unreasonably dangerous in any manner." Cottrell's thirteenth affirmative defense states that Cottrell sold its product to a party sophisticated and knowledgeable in the use, application and properties of said products." If the Millers wish to preclude evidence based on a violation of Fed. R. Civ. P. 26 or 37, that motion is properly brought as a motion for sanctions after compliance with the Court's rules for resolving discovery disputes. As for the viability of this affirmative defense, that is a matter properly raised in a motion for a directed verdict. Millers' motion is denied on this ground.

### K. Training or Warnings

The Millers request the Court to preclude submission of evidence as to Cottrell's warnings, instructions or training made available to Greg Miller, citing *Brown v. Bay State Abrasives*, 821 S.W.2d 531 (Mo. Ct. App. 1991). In *Bay State*, the appellate court ruled that a shop foreman could not testify as to safety standards included in the American National Standards Institute Safety Code ("ANSI") where there was no evidence that the ANSI's warnings were shown to the plaintiff. *Id*. Certainly, Cottrell is permitted to introduce evidence as to any warnings, instructions or training shown to Miller, although it must show that complete warnings were made available, and not merely referenced. The Court will therefore deny the Millers' motion on this ground to

---

[2] Cottrell has waived affirmative defenses 8, 10 and 15.

the extent Cottrell has evidence that the warnings were actually seen subject to factual development at trial. Otherwise, the motion is granted.

### L. Size, Location or Specialization of Counsel's Law Firm

The Millers move to exclude any reference to the size, location or specialization of counsel's law firm. Cottrell raises no objection to this request. The Court will therefore grant the Millers' motion.

### M. Reference to Other Courts' Rulings Barring Experts from Testifying

Cottrell agrees that it will not offer any evidence that other courts have barred Millers' expert witnesses from testifying. The Court will therefore grant the Millers' motion on this ground.

### N. Expert Testimony of Elwood Feldman

The Millers seek to exclude testimony by Cottrell's witness, Elwood Feldman, because he has not been disclosed as an expert witness. Cottrell claims, however, that Feldman may testify as to facts involving trailers, their design, manufacture and proper use. The Eighth Circuit addressed Feldman's testimony at length in a similar case. *Long v. Cottrell, Inc.*, 265 F.3d 663, 668 (8th Cir. 2001). The Eighth Circuit determined that the district court did not commit an abuse of discretion by allowing Feldman to testify "based on his first-hand experience from working in the industry and his involvement in Cottrell's design and testing processes." *Id.* Therefore, the Motion in Limine is granted as to any opinion testimony by Feldman but denied as to any relevant fact testimony. Specifically, the Court will not permit Feldman to testify about the feasibility of other

designs because that is effectively expert opinion testimony.

### O. Number of Uses of Cottrell's Product and Cars Hauled

The Millers seek to exclude any evidence of the number of uses of Cottrell's product without accidents. The Millers attempt to preclude such evidence on the basis of inapplicable Missouri decisions considering slip-and-fall injuries. *See Dunn v. Wal-Mart Stores, Inc.*, 909 S.W.2d 728 (Mo. Ct. App. 1995). Missouri law clearly permits evidence of the absence of prior and subsequent accidents where the party seeking to admit the evidence establishes a proper foundation as to the similarity in the circumstances of the accidents. *Pierce v. Platte-Clay Electric Co-op*, 769 S.W.2d 769, 774 (Mo. banc 1989). The Millers' motion is therefore denied subject to Cottrell's establishment of the requisite foundation at trial. *See also Rosenberg v. Cottrell, Inc.*, 2007 U.S. Dist. LEXIS 50383 (S.D. Ill. July 12, 2007).

### P. Cottrell's Warranty Disclaimer

The Millers seek to exclude any evidence as to Cottrell's warranty disclaimer on the basis that Cottrell has not disclosed any witness to testify that the disclaimer "was ever shown to plaintiff." (Miller Mot. ¶ 16). The motion in limine is granted because the warranty disclaimer is not relevant unless it was shown to Miller. Based on the record before the Court, there is no evidence that it was shown to Miller before his injury.

### Q. Testimony of Dr. Katz, Jeff Bookwalter and Sandra Metzler

The Millers seek to exclude the testimony of Cottrell's experts, Dr. Katz, Jeff Bookwalter and Sandra Metzler, on the basis that they refused to produce certain prior

testimony and other records. The Millers should have filed a motion to compel discovery with this Court; their motion is not properly considered in a motion in limine and is denied.

## II. Conclusion

Accordingly, it is hereby

ORDERED that the Millers' Motion in Limine [Doc. #133] is GRANTED as to Greg Miller's drug and/or alcohol use; prior criminal infractions; prior accidents; fault of non-parties; collateral source evidence; federal income tax treatment of any recovery; size, location or specialization of counsel's law firm, other courts' rulings on the Millers' experts; Cottrell's warranty disclaimer; any opinion testimony of Elwood Feldman, any testimony of prior accidents and injuries other than his prior back injury; and, DENIED in all other respects.

All ruling concerning motions in limine in this case are subject to reconsideration based on the development of the case during trial.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: February 25, 2008
Jefferson City, Missouri

9

Case 4:06-cv-00141-NKL   Document 154   Filed 02/25/08   Page 9 of 9